E-FILED
Monday, 26 October, 2026 04:28:34 PM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

UNITED STATES OF AMERICA,
Plaintiff,

v.

HARRY EDWIN MILES,
Defendant.

Case No. 4:05-CR-40051-JEH

## Order

Now before the Court are Defendant Harry Edwin Miles's pro se Motion for Early Termination of Supervised Release (R. 190), his counseled Amended Motion for Early Termination of Supervised Release (R. 192), and the Government's Motion to Strike.[1] The Government and the United States Probation Office oppose early termination. The Government also asks the Court to enforce the filing restriction entered at D. 158 and strike Miles's motions. For the reasons stated below, the Government's Motion to Strike is denied and the Amended Motion for Early Termination of Supervised Release is granted. The pro se motion is Moot.

### I

On May 19, 2005, Miles was indicted on two counts of conspiracy to distribute cocaine and methamphetamine, and a jury found him guilty on November 17, 2005. On June 2, 2006, the Court sentenced him to concurrent terms of 360 months' imprisonment on each count, followed by concurrent five-year terms of supervised release. His sentence was reduced to 324 months on February 24, 2015, with all other provisions of the judgment remaining in effect.

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

Beginning in June 2022, Miles completed approximately thirty months of home confinement without incident. In December 2024, President Joseph R. Biden commuted the remainder of Miles's custodial sentence while leaving his five-year term of supervised release intact. Miles began supervised release on December 20, 2024, and has served approximately twenty months without a violation report, revocation petition, or modification of his conditions for cause.

Miles is sixty-four years old, has maintained lawful employment, and has supported himself throughout supervision. His approximately thirty months of incident-free home confinement and twenty months of violation-free supervised release amount to more than four consecutive years of lawful conduct in the community.

**II**

Under 18 U.S.C. § 3583(e)(1), after a defendant has completed at least one year of supervised release, the Court may terminate the remaining term if, after considering the applicable factors under 18 U.S.C. § 3553(a), it finds that termination is warranted by the defendant's conduct and the interest of justice. The one-year requirement is the statute's only temporal threshold, and the Court may not impose an additional categorical waiting period. *United States v. Lowe*, 632 F.3d 996, 998–99 (7th Cir. 2011); *United States v. Crisp*, 770 F. Supp. 3d 1124, 1131 (C.D. Ill. 2025).

The Court has wide discretion in determining whether early termination is appropriate. *United States v. Hook*, 471 F.3d 766, 771 (7th Cir. 2006). Miles bears the burden of showing that the applicable § 3553(a) factors, his conduct on release, and the interest of justice support termination.

The applicable factors include the nature and circumstances of the offense and the defendant's history and characteristics; the need for deterrence, protection of the public, and necessary education, training, treatment, or correctional care;

the applicable guidelines and policy statements; the need to avoid unwarranted disparities; and the need to provide restitution. Section 3553(a)(2)(A), concerning the seriousness of the offense, respect for the law, and just punishment, is not incorporated into § 3583(e), and those considerations may not be used for retributive purposes when deciding whether to terminate supervised release. *Esteras v. United States*, 145 S. Ct. 2031, 2040 (2025). The Court may nevertheless consider the underlying offense and Miles's history insofar as they bear upon permissible considerations such as deterrence, public protection, and rehabilitation. Historical facts may be considered for those forward-looking purposes, but not to impose additional punishment based on the nature of the underlying offense.

**III**

The Government first argues that the filing restriction entered at D. 158 bars Miles from seeking relief until he pays the $1,000 sanction imposed in 2013 and the $500 appellate sanction imposed in 2015. The Government relies on Miles's payments of filing fees totaling $1,010 in January and May 2025 as evidence that he has the means to pay those sanctions.

The Court declines to strike the motions. This request arises in Miles's criminal case and concerns the ongoing supervised-release component of his criminal judgment. A motion under § 3583(e)(1) accepts the conviction as final and presents the forward-looking question whether continued supervision remains necessary. It is not an attack on the underlying validity of his conviction or sentence, like his prior filings were which prompted the various sanction orders. Moreover, § 3583(e)(1) does not require a defense motion at all, and the Court retains authority to consider termination on its own initiative.

The Government's evidence also does not establish a present ability to pay. Two filing-fee payments made approximately sixteen and nineteen months before

the reply do not establish Miles's ability to pay $1,500 in September 2026, and the Government submitted no financial affidavit, account records, or other evidence of his current resources. The Government's Motion to Strike is therefore denied.

**IV**

Regarding the merits, the Government argues that Miles's underlying drug offense, criminal history, prior violations of supervision, history of fraudulent conduct, and alleged propensity for "get rich quick" schemes weigh against termination. Those matters are relevant to the extent they inform the need for deterrence, public protection, and rehabilitation. They cannot, however, justify continued supervision merely because the original offense was serious or because additional punishment is considered warranted.

The forward-looking record supports termination. Miles completed approximately thirty months of home confinement and twenty months of supervised release without a new offense, arrest, or violation. He has complied with every condition of supervised release, and the Government acknowledges that he has completed approximately twenty months without a violation. His historical conduct initially supported a substantial term of supervision, but his sustained conduct in the community demonstrates that continued monitoring is no longer necessary to provide adequate deterrence or protect the public.

The Government also contends that Miles has not accepted responsibility or shown remorse and that his prior conduct indicates a risk of further fraud, deception, and noncompliance. The Court does not disregard Miles's history, but the present record contains no violation, new offense, or other misconduct during more than four consecutive years in the community under home confinement and supervised release. The Government's prediction of future noncompliance is thus presented against a current record consisting entirely of compliance. True, the Defendant has earned himself sanctions from this Court and the Court of Appeals

for frivolous filings, as well as accusations of frivolous litigation in the Court of Claims. However, having a difficult history with various courts when it comes to litigation is a far cry from engaging in the type of criminal activity which supervised release is designed to prevent. Supervised release serves rehabilitative and transitional purposes distinct from incarceration. *United States v. Johnson*, 529 U.S. 53, 59 (2000). Moreover, sanctions from courts regarding frivolous litigation serve an entirely different purpose of deterring a party from similar frivolous filings and litigation in the future. Miles's motion presently before the Court is not frivolous, and the Court declines to use Miles's filing history as some sort of talisman for whether he will engage in criminal conduct in the future.

Probation reports concerns about Miles's recent housing stability and lack of a prosocial support network, and the Government argues that those circumstances show that Miles and the public would benefit from continued supervision. Those concerns merit consideration, but the record does not connect them to any new offense, violation, missed report, failed contact, or identified risk of reoffending. The Government also does not identify a particular rehabilitative service that continued supervision is presently providing. Miles represents that he currently maintains a stable residence and lawful employment. Viewed alongside his extended record of compliance, the concerns regarding housing and social support do not establish that continued supervision is necessary.

The Government expresses concern about Miles's employment as an Uber driver because the underlying offense involved his work as a delivery driver for illegal drugs. The record, however, contains no evidence that Miles has used his present employment unlawfully or improperly. The Government identifies neither a specific risk arising from that employment nor a way in which continued supervision would mitigate such a risk. Lawful employment instead provides

structure, financial support, and evidence of successful reintegration into the community.

The Government emphasizes that Miles has served approximately one-third of his five-year term. The percentage of the term served is not an express § 3553(a) factor, although it may be considered in conjunction with an individualized assessment of the statutory factors. *United States v. Crisp*, No. 2:13-cr-20050-JEH-1, 2025 WL 819126, at *8 (C.D. Ill. Mar. 14, 2025). Miles has exceeded the statutory one-year threshold and completed the particularly significant initial period following release from custody. The Court will not treat the unserved portion of the original term as independently requiring continued supervision, because doing so would improperly transform the inquiry into whether Miles has received sufficient punishment rather than whether supervision remains necessary.

The Government also relies on the Court's 2020 order denying compassionate release. That decision addressed whether Miles should be released early from imprisonment, while the present motion concerns whether a person already living lawfully in the community requires continued supervision. Since that decision, Miles completed approximately thirty months of home confinement without incident, received executive clemency, transitioned to supervised release, obtained and maintained lawful employment, and completed approximately twenty months of supervision without a reported violation. The prior decision therefore does not resolve the present, forward-looking inquiry.

In sum, after considering the applicable § 3553(a) factors, Miles's conduct, the Government's objections, Probation's position, and the interest of justice, the Court finds that early termination is warranted. Miles has completed more than four consecutive years of lawful community living, consisting of approximately thirty months of incident-free home confinement followed by approximately twenty months of violation-free supervised release. He has maintained lawful

employment and demonstrated an ability to manage his affairs without adjudicated misconduct.

The nature of Miles's offense and his history originally supported a lengthy term of supervision. In light of his current circumstances and sustained compliance, however, the record does not establish that further supervision is necessary to deter criminal conduct, protect the public, or provide additional correctional treatment or vocational support. Miles has met his burden of showing that termination is warranted by his conduct and the interest of justice.

**V**

For the reasons stated *supra*:

1. The Government's Motion to Strike is DENIED.

2. Defendant Harry Edwin Miles's Amended Motion for Early Termination of Supervised Release (R. 192) is GRANTED.

3. In light of the grant of the amended motion, Miles's pro se Motion for Early Termination of Supervised Release (R. 190) is MOOT.

4. Miles's term of supervised release is TERMINATED EFFECTIVE IMMEDIATELY.

The United States Probation Office is directed to close supervision consistent with this Order.

*It is so ordered.*

Entered on October 26, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE